UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>RODRERICK GARRETT, *et al.* | 19-cr-350<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on Defendant Anthony Beckwith's motion for pretrial release. ECF No. 62. For the reasons set forth below, the motion is **DENIED**.

### I. BACKGROUND

#### A. Underlying Allegations

Defendant Beckwith is charged with conspiracy to distribute and possess with intent to distribute a fentanyl analogue (Count One); possession with intent to distribute a fentanyl analogue (Count Two); and possession with intent to distribute heroin (Count Three). Indictment, ECF No. 16. The charges stem from an August 15, 2018 incident, in which police officers purportedly observed Beckwith's co-defendant—Donta McMillan—leave another co-defendant's residence—Rodrerick Garrett—with a suspicious package. Compl. Ex. B.

According to the Government, after stopping McMillan's vehicle, officers found contraband. Other officers still at Garrett's residence saw him outside, holding a child. *Id.* ¶ 5. Garrett ignored the officers' demands to stop and reentered his home, locking the door. *Id.* An officer at the front of the home "observed [Beckwith] through the side window of the front door, but B[eckwith] did not open the door." *Id.* Upon hearing sounds consistent with toilets flushing, the officers forced entry and witnessed Garrett leaving the bathroom and the toilet running. *Id.* ¶ 6.

#### B. Procedural History

Defendant Beckwith has been detained since his May 2019 arrest. He has not previously moved for release. On April 15, 2020, Beckwith filed the present emergency motion due to COVID-19. ECF No. 62-63 ("Motion"). Beckwith argues that pretrial services "rejected co-signers and third party custodians presented to it, on suspect grounds," including for unspecified "judgments" against them. Mot. at 1. Thus, counsel was planning to seek pretrial release when the COVID-19 hit, which "substantially altered . . . the landscape." *Id.*

### II. DISCUSSION

The Court agrees with Defendant that the Corona virus has changed the global landscape. But Beckwith's resulting conclusion—that COVID-19 alone justifies release—is contrary to relevant precedent. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Setting aside Beckwith's general argument, he presents more specific justifications. *First*, he argues both inmates and staff have died of COVID-19 in the Hudson County Correctional Center ("HCCC"), where Beckwith is detained. Mot. at 6. The Government denies any

1

inmates have perished. But it admits that, as of April 20, 2020, two HCCC nurses and another staff member died from COVID-19 complications. HCCC Dir. Decl. ¶¶ 21, ECF No. 66-1. At least 37 inmates and 89 staff have tested positive. *Id.* ¶ 20. *Second*, Beckwith argues he is at particular risk because his chest was "crushed" in a 2015 car accident, causing breathing difficulties. Mot. at 9 n.13; Reply at 5 n.4. For these reasons, Defendant argues the Eighth and Sixth Amendments, due process, and the Bail Reform Act ("BFA") require his release.

### A. The Bail Reform Act is the Proper Avenue for Relief

Defendant concludes with the BFA, but it provides the appropriate starting point. The BFA empowers courts to temporarily release defendants from pretrial custody if "such release [is] necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Thus, Defendant's Sixth Amendment arguments are explicitly accounted for in the statute. As to Defendant's Eighth Amendment (and related due process) concerns, the Court asks whether they qualify as "another compelling reason" justifying release. *Id.* Given the limited evidence before the Court, they do not.

### B. Sixth Amendment Concerns

Defendant argues that limitations imposed on lawyers' abilities to meet with their clients at HCCC justify release. Mot. at 12-15. Other than *Counsel*'s medical condition, Defendant does not present unique circumstances making his representation especially difficult. *See id.* While the Court takes Counsel's condition seriously, it cannot provide the basis for her client's release. A contrary holding risks inappropriate gamesmanship, and Defendant fails to provide supportive precedent.

With respect to the general restrictions on attorney-client discussions, HCCC has implemented a series of procedures to protect against the Corona virus. *See* HCCC Dir. Decl. These measures unavoidably impact the ability to meet in private or enter and leave the facility, thus disturbing attorney-client discussions in particular. But there is no evidence that HCCC is limiting inmate's ability to meet with counsel for nefarious purposes. Instead, HCCC is trying to protect everyone's safety under unprecedented conditions.

COVID-19 presents unique circumstances, but HCCC's reasonable response does not require the release of every defendant awaiting trial. *See Benjamin v. Fraser*, 264 F.3d 175, 185 (2d Cir. 2001) (barring "*unreasonable* interference with the accused person's ability to consult counsel" (emphasis added)). If there is a specific matter Counsel cannot effectively discuss with Beckwith, she should meet and confer with the Government to make appropriate arrangements. If the Parties cannot agree on a procedure, Counsel may renew her motion.

### C. Eighth Amendment and Due Process Rights

Beckwith alternatively argues that as a pretrial detainee, his "rights are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'" Mot. at 8 (quoting *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983)). And, Beckwith argues, Eighth Amendment precedent mandates he should be released because his preexisting conditions make COVID-19 particularly dangerous. *Id.* at 8-12. Beckwith also argues his status as a pretrial detainee, rather than a convicted criminal, makes release especially appropriate. *Id.*

If Beckwith had submitted compelling evidence of his alleged medical conditions, the Court may have required his release. *See Hubbard v. Taylor*, 399 F.3d 150, 166-67 (3d Cir. 2005) (prohibiting "punishment" prior to adjudication of guilt). But the only evidence submitted is Beckwith's own affidavit. ECF No. 68-3. Beckwith avers that a 2015 car accident has made it difficult for him to breathe deeply. *Id.* But Beckwith never "complained of [his] breathing difficulties, nor . . . sought treatment." *Id.* ¶ 10. While the Court takes Beckwith's health concerns seriously, without confirmatory medical evidence, the affidavit is insufficient. If a sworn-to, but never-complained-of-condition could justify release, every detainee would suddenly have a breathing condition that, like Beckwith, they "learned to live with." *Id.* ¶ 11.

Defendant also cites *Helling v. McKinney* to argue the risk of disease justifies release. In *Helling*, the Supreme Court found inmates had stated an Eighth Amendment cause of action "by alleging that the petitioners had, with deliberate indifference, exposed him to levels of [second-hand tobacco smoke] that pose an unreasonable risk of serious damage to his future health." *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Unlike in *Helling*, here, HCCC is taking reasonable steps to *prevent* a highly contagious disease that has spread throughout the world. HCCC Dir. Decl. If there is a specific condition Defendant seeks to redress, the Court will analyze whether it can and should order HCCC to adjust its policy. But HCCC's efforts to prevent the spread of COVID-19 is distinct from officials' indifference to disease-causing conditions, at issue in *Helling*, 509 U.S. at 33, 35. To the contrary, HCCC's efforts are clearly related to a legitimate government objective—preventing the further spread of COVID-19 and the health of Beckwith, other inmates, and staff. *See E. D. v. Sharkey*, 928 F.3d 299, 307 (3d Cir. 2019) (test for impermissible "punishment" of detainee is whether "a condition of confinement is reasonably related to a legitimate governmental objective").

### III.    CONCLUSION

For the reasons set forth above, Defendant Beckwith's motion for pretrial release, ECF No. 62, is **DENIED WITHOUT PREJUDICE.**[1]  An appropriate order follows.

May 7, 2020

WILLIAM J. MARTINI, U.S.D.J.

---

[1] To the extent Defendant seeks to renew his motion, Counsel should arrange for a medical examination. If a medical professional can confirm Beckwith's underlying conditions, the Court will reconsider its decision. The Government **SHALL** assist in Counsel's efforts. However, the Parties should be cognizant of the obvious strain on HCCC staff at the moment. During any delay, Counsel can gather evidence from the 2015 car accident and subsequent treatment.

3